**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3392
_____

DANTE BURTON,
                                        Appellant

v.

CORRECTION OFFICER  GIROUX, RHU Officer;
JOHN DOE, Shift Commander; RYAN
SZELEWSKI, Hearing Examiner
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-00131)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2019
Before:  CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: December 18, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dante Burton appeals from the order of the District Court dismissing his complaint. We will affirm.

I.

We accept Burton's factual allegations as true for present purposes only. Burton is a Pennsylvania prisoner who was housed at all relevant times in the Restricted Housing Unit at SCI-Albion. In his complaint below, Burton alleged that his prison had a policy of allowing prisoners to cover their cell door windows for privacy while using the toilet. Burton further alleged that he and other prisoners generally did so without incident.

On February 19, 2018, however, Officer Giroux knocked at Burton's door while Burton had his window covered. When Burton told Giroux that he was using the toilet, Giroux ordered him to remove the cover and insisted that he "wanted to see [Burton] on the toilet." (ECF No. 1-1 at 5.) Burton responded that wanting to see him on the toilet constituted sexual harassment and that he was going to "file a PREA complaint" against Giroux. Giroux responded "you do that" and moved on. (Id.)

A few hours later, corrections officers entered Burton's cell and took everything but the jump suit he was wearing.[1] Giroux also filed a misconduct charge against Burton for disobeying his order to uncover the cell door window. Burton complained to hearing

---

[1] Burton included a number of allegations related to this confiscation but, as the District Court observed, he did not assert any independent claim on the basis of those allegations. Nor does he argue on appeal that he intended to do so.

officer Szelewski that the charge was in retaliation for Burton's statement that he would file a complaint. Szelewski agreed with Burton but found him guilty anyway, though Szelewski ran Burton's penalty concurrent to one previously imposed.

On the basis of these allegations, Burton filed a motion for leave to proceed in forma pauperis ("IFP"), along with a complaint asserting three claims. First, he asserted a claim under 42 U.S.C. § 1983 that Giroux retaliated against him for exercising his First Amendment rights. Second, he raised the same claim against Szelewski. Finally, he claimed that a John Doe shift commander violated Pennsylvania law by authorizing the confiscation of property from Burton's cell before a finding of misconduct.

A Magistrate Judge issued a report recommending that the District Court deny Burton's motion for leave to proceed IFP. After Burton objected, the Magistrate Judge issued a second report recommending in the alternative that the District Court dismiss Burton's complaint with prejudice for failure to state a claim under the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(ii). Burton objected to that recommendation as well. The District Court overruled those objections, granted Burton leave to proceed IFP, and dismissed his complaint with prejudice. Burton appeals.[2]

II.

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim. See Fantone v. Latini, 780 F.3d 184, 186 (3d Cir. 2015); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To state a claim, the complaint must contain "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face." Fantone, 780 F.3d at 193 (quotation marks omitted).

Burton's arguments on appeal focus primarily on his retaliation claim against Giroux, and we will focus on that claim as well. Burton claims that Giroux retaliated against him for exercising his First Amendment rights. "To state a First Amendment retaliation claim, a prisoner plaintiff must allege (1) that the conduct which led to the alleged retaliation was constitutionally protected; (2) that he suffered some adverse action at the hands of the prison officials; and (3) a causal link between the [protected conduct] and the adverse action [in that the] conduct was a substantial or motivating factor in the decision to take that action." Oliver v. Roquet, 858 F.3d 180, 190 (3d Cir. 2017) (quotation marks omitted).

We need not address whether Burton has adequately pleaded the first two elements because he has not pleaded the third. Burton alleges that Giroux retaliated against him for threatening to file a complaint by charging him with misconduct for disobeying Giroux's order. Burton, however, admits that he disobeyed that order and thus that he engaged in the very misconduct with which Giroux charged him. That fact does not necessarily preclude a retaliation claim, see Watson v. Rozum, 834 F.3d 417, 423 (3d Cir. 2016), and whether Giroux would have charged Burton with misconduct even if Burton had not threatened to file a complaint is an affirmative defense that Giroux would bear the burden to plead and prove, see id. at 426.

Burton, however, bears the initial burden of alleging some reason to believe that his threat to file a complaint played a role in Giroux's decision to charge him. Burton has not done so. Burton does not allege, for example, that Giroux responded to his threat to

4

file a complaint with antagonism. Instead, he alleges that Giroux merely said "you do that" and walked away.

Nor does Burton allege any other reason to believe that his threat to file a complaint played any role in Giroux's decision to charge him with misconduct for his admitted disobedience. Burton alleges (in conclusory fashion) that Giroux knew that he filed grievances against other officers, but that alleged circumstance does not suggest any retaliatory animus on the part of Giroux. Burton also alleges that Giroux and other officers do not "write up" other prisoners for covering their windows. Giroux, however, did not charge Burton with misconduct for covering his window. Instead, Giroux charged Burton with misconduct for disobeying his order to remove the cover. Burton has not alleged that any other similarly situated inmates escaped discipline for disobeying a similar order.

In sum, Burton has alleged nothing more than that he responded to an officer's order by disobeying it and threatening to file a complaint and that the officer later charged him with misconduct for disobeying the order. These allegations do not raise an inference that Giroux's decision to charge Burton with misconduct was retaliatory. Nor has Burton, who is an experienced pro se litigant, raised anything in his filings below or his brief on appeal suggesting that he could do so if given leave to amend.

One final issue requires discussion. Burton argues that the Magistrate Judge's second report displayed bias or an appearance of partiality. We do not condone everything in the report, which the District Court adopted as its own opinion. Among

5

other things, we do not condone the Magistrate Judge's continued editorializing on prisoner litigation, which we have addressed before. See Pearson v. Prison Health Serv., 850 F.3d 526, 543-45 (3d Cir. 2017). Nevertheless, our review of the record, including our de novo of Burton's complaint, reveals that no relief in that regard or any other is warranted in this case. We have reviewed the remainder of Burton's claims and arguments on appeal and reject them for reasons that do not require discussion.

III.

For these reasons, we will affirm the judgment of the District Court.